## LORD PROPRIETARY OF MARYLAND v. STEPHEN STYER and Wife, Executors of Peleg Walter.

Court of Common Pleas. Sussex. November 25, 1795.

*Wilson's Red Book, 88.**

*Miller* and *Batson* for plaintiff. *Ridgely* and *Bayard* for defendants.

Copy [of] administration under the seal of Mr. Wise, Register for the County of Worcester, Maryland, offered.

*Ridgely.* The certificate of the Register is not sufficient; the bond itself should be produced and proved, *viz* the sealing and delivery.

*Miller* offered to prove by Mr. Henry, an attorney of Maryland, that the papers have been sent from the Prerogative Office to each county there.

*Bayard.* You cannot prove as matters of fact laws of another state by parol evidence; the law must be produced that defendant may have an opportunity of putting his construction on it. [1] Dall. 462, 466.

---

* This case is also reported in *Bayard's Notebook, 128.*

BASSETT, C. J. You need not argue it, I am in possession of that fact, there was such a law. And referred the counsel to the Commissary's Guide. (But I believe the alteration was since the book was made.)

*Miller.* Either the bond or a copy certified from the Prerogative Office by 2 Body Laws 356 is required.

BASSETT, C. J. Sir, you need say nothing further on this subject at present. I know the officer dared not let the original out of his office.

*Bayard.* Plaintiff is within the rule of the common law unless he is clearly within some exception. The Act of Assembly (356) is only made in favor of those who lived or live on the lands that had been disputed (*i. e.* New Sussex), and read the preamble of the Act, 1775.

*Miller* stopped *Bayard* and proved that Matthew Rogers (father of the person for whose use this suit is brought) lived and died on the lands then [in] Maryland, now Sussex.

*Bayard* goes on. The regulations of Maryland cannot affect our Act of Assembly, so as to make copies of county records evidence, where our Act of Assembly requires a copy from the Prerogative Court. At least this copy should be under the great seal of Maryland, testifying that this seal and certificate is to be credited.

PER CURIAM, after offering to hear more from defendants, "Read the copy in evidence."

(*N. B.* An inventory under seal, *ut ante,* was offered, not objected to, and read in evidence.)

Plaintiff proved the names of M. Rogers's children.

Defendants offered Jacob Rogers as a witness to prove the estate less.

Plaintiff objects to him as interested, being joint security with Peleg Walter in this very administration bond and sued in another action now pending.

*Bayard.* This is *vexata questio.* Formerly an interest in the question was a good objection; it is now determined and settled by Lord Kenyon, 3 Term 27, that one underwriter may be examined for another, 1 Str. 35. One obligor was allowed a witness to prove the bond against another obligor.

BASSETT, C. J. There are but two ways of proving a person interested. Suppose two other persons are executors to the same

estate, one or two act, and the others know nothing of the business; they are all sued; the non-acting executor's cause is first brought on, is it just and right that judgment shall go against them, for the unjust act of the acting executor? Mr. Rogers is a competent witness, there will be nothing on record to affect him. Swear him.

Plaintiff. By our own Acts (2 Body Laws 113, and [the Act of] 1781 [2 Body Laws 566, 2 Del.Laws 735]), compared with the evidence, this action is not barred. But the same that is law on this bond in Maryland is so here ([1] Dall. 191), which is twelve years, as we are informed by the Chief Justice. There should elapse six years from the granting administration to defendants, 3 Bac.Abr. 514.

Defendants. The limitation on such bonds by 2 Body Laws 113 is six years and in three years after the exception removed. If no interest has been paid in sixteen or twenty years the bond is presumed satisfied, 1 Esp.N.P. 254. Limitations are of actions, not of debts; debts although made in a foreign country are governed by the rules of that country where they were created; but, if an action is brought here, that action is liable to the rules, practice and limitation of such actions. 1 Esp.N.P. 44. Bills of exchange are governed by the laws of the country where made. The limitation is to be counted from the time of him who can sue, not from the time of the younger children. And you cannot divide a contract, by the determination of the court this term (*Burton v. Thorn*); and so if limitation runs as to one, it runs as to all the heirs. If twelve years is the time of limitation in Maryland on such bonds, still there is time to spare.

PER CURIAM. BASSETT, C. J. In this case where the State of Maryland is plaintiff and P. Walter's executors are defendants, the pleas are abandoned except performance and limitation. There is no doubt with the Court that where the time has been run out, and the party is not within the savings, it is a bar. The doubt arises upon whether it is the Maryland or Delaware laws [which] govern in this respect of limitation. Whenever a man executes any kind of bond anywhere, he creates a debt or duty that follows him, and for which he is answerable wherever he goes, and the mode of recovery is agreeable to the laws of the land where he is taken. But the *quantum* of the debt is governed by the laws where the debt was created (for instance this appraisement was in dollars at six shillings and so this bond is a debt of dollars at six shillings); this sticks to him, go where he will, but not so of the manner of suing. Formerly in Maryland it was the law that an account proved once a year before a justice

was evidence to recover upon, but if he did not prove it in the year, he must prove it by another. I have known a recovery in this state on a book not proved by the parties' oath within a year, and his own oath made good evidence of his book. (This must have been a book kept in Maryland.) Suppose in Maryland there was a law to sue [on] a bond by action on the case, would therefore case lie here upon a bond taken there? I have no doubt the Statute of Limitations must be in this case according to our laws on the subject. In Maryland it is twelve years; here we have no law other than the common law which presumes payment after sixteen or twenty years. But on this kind of bond the action is to be brought within six years with the usual savings if the party sues within three years afterward.

Verdict in these words viz, "say that they find for the defendant and so they say all." And judgment for defendant.